Clark *v.* Beloff.

---

### ELIZABETH R. B. CLARK *vs.* FISHEL BELOFF.

Third Judicial District, Bridgeport, Oct. Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Where there is a repugnancy between two boundary calls in a deed, that one which is most material, important and certain should control.
A grantor who owned a tract of city land fronting west on Cedar street 364 feet, conveyed the northerly portion of the tract, bounding it "easterly by Cedar street 122 feet." The north boundary of the tract was definitely located, and this description of the east line fixed with precision the southeast corner of the tract conveyed, and gave the grantee a frontage of 122 feet on Cedar street. The deed then described the southerly boundary as a straight right angle line drawn

westerly from Cedar street at a point in the west line of said street 247 feet northerly from the adjoining line on the south. This call, if followed, would cut down the grantee's frontage to 117 feet. *Held* that in the conveyance of a city lot the frontage was an important and controlling consideration, and that under the circumstances the first of the repugnant descriptions or calls ought to prevail.

In the construction of deeds the rule *contra proferentem* does not mean that words are to be twisted out of their proper signification, but only that when they are fairly susceptible of two or more meanings, and other legitimate aids fail to determine which meaning was intended, the one most favorable to the grantee is to be taken, provided that works no wrong or injustice to any one.

Argued October 26th—decided November 29th, 1898.

ACTION in the nature of ejectment, brought to the Superior Court in New Haven County and reserved by that court, *Elmer, J.,* upon an agreed statement of facts, for the consideration and advice of this court. . *Judgment advised for the plaintiff.*

The substance of the material parts of the agreed statement of facts, is as follows : —

In April, 1895, Elizabeth Burwell owned and possessed a tract of land in the city of New Haven, bounded north by lands of Burnham and others and her own land; east by Cedar street 364$\frac{6}{100}$ feet; south by the New Haven and Derby Railroad; and west by her own land. This tract appears on the following map, in the pieces marked 1, 2 and 3.

In that month Mrs. Burwell, for the consideration of love and affection, conveyed a portion of said land to her daughter, Mrs. Clark, the plaintiff, by warranty deed duly recorded, in which deed the land conveyed is described as follows: " Bounded easterly by Cedar street, 122 feet ; southerly 219 feet, more or less, by my own land, from which it is separated by a straight line drawn westerly from the west line of said street at right angles thereto, from a point in said west line of said street 247 feet distant northerly from land of the New Haven & Derby Railroad Company when measured on said westerly line of Cedar street ; westerly, by my own land, from which it is separated by a straight line which is the eastern boundary line of the premises for-

Clark *v.* Beloff.

merly known as Nos. 78 and 80 Washington street, continued southerly in the same course until it intersects the above described southerly boundary line ; and northerly, in part by land formerly of Bernard Reilly, in part by land of Terrence Coyle, in part by land of Peter C. Rowen, in part by land conveyed by me to Robert N. Burwell, and in part by land conveyed by me to said Elizabeth R. B. Clark, said northerly boundary line being the southerly boundary line of land of said Reilly, Coyle, and Rowen, continued westerly in the same course to the above defined westerly boundary line."

On the 18th day of October, 1895, she, for a like consideration, by separate deeds without covenants, conveyed to her two sons Merritt W. Burwell and Robert N. Burwell, the portions of said tract marked 2 and 3 respectively on the map.

The description of the land conveyed in Merritt's deed is as follows : " A lot of land with the dwelling-house known as No. 250 Cedar street thereon, and is bounded easterly by Cedar street, 130 feet; northerly, 230 feet, by land of Elizabeth R. B. Clark; westerly, 130 feet, by land herein conveyed to said Merritt W. Burwell; and southerly 230 feet, by land by me conveyed to Robert N. Burwell; said southerly boundary line is a straight line drawn westerly at right angles to the west line of Cedar street from a point in said west line distant 117 feet northerly from the north line of land of the New Haven and Derby Railroad Company, when measured on said west line of Cedar street."

On the delivery of this deed, Merritt took possession of the land described therein and dispossessed the plaintiff of the strip of land hereinafter described, until the defendant Beloff took possession as hereinafter stated.

The description of the land in Robert's deed is as follows : " Lot of land on the west side of Cedar street with all buildings thereon, and is bounded easterly by Cedar street 117 feet; northerly 230 feet, by land of said Merritt W. Burwell by a straight line drawn at right angles to the west line of Cedar street from a point in said west line 117 feet distant northerly from land of the New Haven and Derby Railroad

Company when measured on said west line of Cedar street; westerly, by land of said Merritt W. Burwell, 107 feet; and southerly 230 feet, by land of said railroad company."

The tract conveyed to Mrs. Clark is the tract marked 1 on the map, and there is no contest about any boundary of this tract except the southern boundary. The eastern boundary of it, 122 feet on Cedar street, would extend from the Burnham land on the north to the point marked $X$ on the map; while the point on Cedar street described in the deed, as 247 feet northerly from land of the New Haven and Derby Railroad Company, is the point marked $Y$ on the map, which is only $117\frac{8}{100}$ feet from the Burnham line. The distance between $X$ and $Y$ is $4\frac{94}{100}$ feet, and the strip of land inclosed by the lines running westerly from these points as shown on the map, is the one in dispute. If the deed to Mrs. Clark conveyed this strip to her, she became possessed thereof on its delivery in April, 1895.

Prior to the bringing of this suit, Merritt W. Burwell gave to the defendant Beloff a bond for a deed of a portion of the premises conveyed to Merritt by his mother, in which he agreed to convey to Beloff the disputed strip as part of the land agreed to be conveyed, and allow Beloff to enter at once and take possession of the land described in the bond; and pursuant to said bond Beloff entered upon said strip and dispossessed the plaintiff of the same prior to the bringing of the suit. Subsequently after suit was brought, a deed was made and delivered to Beloff pursuant to said bond.

*E. P. Arvine* and *George E. Beers*, for the plaintiff.

*Bernard E. Lynch*, for the defendant.

TORRANCE, J. The question in this case is whether the deed from Mrs. Burwell to Mrs. Clark in April, 1895, conveyed a lot of land on Cedar street with a frontage of 122 feet, or one with a frontage of, substantially, only 117 feet. At the time that deed was made Mrs. Burwell owned the entire tract of land fronting on Cedar street, between the

Burnham land and the land of the railroad company, having a frontage of substantially 364 feet.

As the owner of this entire tract, Mrs. Burwell in April, 1895, conveyed the northerly portion of it, next to the Burnham land to her daughter, by the deed here in question, in which the easterly and southerly boundaries of the land conveyed are described as follows : " Bounded easterly by Cedar street 122 feet; southerly 219 feet, more or less, by my own land, from which it is separated by a straight line drawn westerly from the west line of said street at right angles thereto from a point in said west line of said street 247 feet northerly from the land of the New Haven and Derby Railroad Company when measured on said westerly line of Cedar street."

We have here, upon the agreed facts, a repugnancy between what may be regarded as two calls in this deed; between a call which locates the point in question as being 122 feet from the Burnham land, and one which locates it 117 feet from that land; for that is the apparent effect of the second call when applied to the land; and the question is which shall control. Under the circumstances disclosed by the record we think the first should control.

In the first place we think this is so, independently of the rule that the deed should be construed in favor of the grantee as against the grantor; because such a construction will best carry out the intent of the parties apparent upon the face of the deed, which is the matter of chief importance in cases of this kind.

In descriptions of land the rule is that that part which is most material in importance and certainty shall prevail. In the deed in question the grantor, by the words " Bounded easterly by Cedar street 122 feet," first fixes the southeast corner of the lot to be conveyed at a point 122 feet from the Burnham land, which last was a known and fixed point. This sufficiently and definitely fixed the east boundary line and point of departure for the south boundary line, and determined the amount of frontage, an important and control-

ling matter in the conveyance of a city lot. About this point as thus fixed there could be no mistake or misapprehension.

Had the grantor stopped here, and run the southerly line from this point, there would have been no room for dispute; but she goes further, and locates the southeast corner of the lot by a measurement from her south boundary line as well. Upon the record we are bound to assume that, in locating this southeast corner by both measurements, she intended to locate and supposed she was locating it at one and the same point on the west side of Cedar street; certainly it would be very unreasonable to hold that in adopting both measurements she deliberately intended to designate two distinct and separate points. Her apparent intent in adding the second call is merely to locate in different ways one and the same point.

It is as if she had said in the deed: The southeast corner of the lot is at a point on the west side of Cedar street 122 feet south of the Burnham land, which point is also 247 feet north of the railroad land. She said this in effect, and undoubtedly believed it to be true.

On the face of the deed then it thus appears that she intended to convey a lot with a frontage of 122 feet from the Burnham land, and supposed this would leave herself a frontage of 247 feet; or at least such an intent appears more clearly than does the contrary intent to give a frontage of only 117 feet. There is nothing in the language of the second call that clearly indicates an intent to alter the location of the southeast corner already made, or to cut down the frontage already expressly fixed. If she had intended it to have an effect of this kind, such intention should have been clearly expressed. On the whole we think the first call should control in fixing the southerly boundary line, because it is the most certain, and therefore this construction will best carry out the intent of the parties so far as it is clearly expressed in the deed.

In the next place, we arrive at this same result if we apply the rule that the words of a deed shall be construed most strongly against the grantor. This rule does not mean

that the words of the deed are to be twisted out of their proper meaning, or that a meaning that shall work a wrong or injustice shall be imputed to them. It only means that if the words are capable of two or more meanings, and after all the legitimate aids to the discovery of their meaning have been used, we are still unable to determine which of those meanings was the one intended, we must take that one of them which is most favorable to the grantee, if that works no wrong or injustice to any one. Elphinstone on Deeds, Rule 21, and cases cited. This rule is recognized in this State, though its application is not very frequent. *Bushnell* v. *Proprietors of Ore Bed*, 31 Conn. 150; *Hoyt* v. *Ketcham*, 54 id. 60, 63.

The dispute in this case is in effect between the grantor and grantee in the deed to Mrs. Clark, for the defendant claims under a subsequent deed of Mrs. Burwell. In this case the language of the deed is susceptible of different meanings, and plausible reasons can be given in favor of either of the opposite meanings contended for by the parties. If we assume that it is not clear upon the record which of these meanings should be adopted, and that a good deal of doubt exists about this matter, then we think the above rule would resolve the doubt in favor of the plaintiff.

The Superior Court is advised that the deed of Mrs. Burwell to Mrs. Clark, referred to in the agreed statement of facts, conveyed to the latter the strip of land in dispute in this case, and that judgment should be rendered for the plaintiff.

In this opinion the other judges concurred.